# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MICHAEL GLOVER,      )
           )
      Movant,      )
           )
      v.      )      No. 4:20-cv-00240-JAR
           )
UNITED STATES,      )
           )
           )
      Respondent.      )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of movant Michael Glover to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). Movant has filed a previous § 2255 motion, and has not received authorization from the United States Court of Appeals for the Eighth Circuit to file a second motion. Therefore, for the reasons discussed below, the Court will summarily deny and dismiss the motion without further proceedings. *See* 28 U.S.C. § 2244(b)(3).

### Background

Movant is a pro se litigant who is currently incarcerated at the United States Penitentiary in Atwater, California. On February 27, 2013, a jury convicted movant of two counts of being a felon in possession of firearms, one count of possession with intent to distribute heroin, and one count of possession of firearms in furtherance of a crime of drug trafficking. *United States v. Glover*, No. 4:12-cr-243-JAR-1 (E.D. Mo.). Movant was sentenced on June 5, 2013 to a total term of 360 months' imprisonment, plus 10 years of supervised release.

Movant filed a notice of appeal on June 11, 2013. The United States Court of Appeals for the Eighth Circuit affirmed the Court in an opinion filed on March 24, 2014. *United States v. Glover*, 746 F.3d 369 (8th Cir. 2014).

On June 30, 2015, movant filed a lengthy petition with the Court arguing, among other things, that he was a sovereign citizen and that the United States had no jurisdiction to prosecute him. *Glover v. United States*, No. 4:15-cv-1027-JAR (E.D. Mo.). The Court entered an order directing movant to either withdraw the petition or reclassify it as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court advised movant that his assertions appeared baseless and frivolous. Nevertheless, the Court sent movant a § 2255 form and gave him thirty days in which to respond.

On August 13, 2015, movant filed his amended § 2255 motion with the Court. In the motion, movant alleged that African-Americans are not United States Citizens; that the United States was not an "injured party" and not the "holder-in-due-course"; that his judgment of conviction was not verified; and that the United States had no standing to prosecute him. As to relief, movant sought immediate release from custody. On August 21, 2015, the Court denied movant's motion, and dismissed his case with prejudice.

Movant filed the instant motion on February 10, 2020. (Docket No. 1). The motion seeks relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Specifically, movant asserts that his conviction cannot be sustained under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a) because the government did not prove that he belonged to the relevant category of persons barred from possessing a firearm. (Docket No. 1 at 3). As such, he states that he is actually innocent and asks the Court to vacate his judgment. (Docket No. 1 at 5).

**Discussion**

Movant is a pro se litigant who has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is successive. Therefore, for the reasons discussed below, movant's motion will be denied and dismissed.

**A. Second or Successive**

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined…on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255(h). *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

As noted above, movant previously filed a § 2255 motion on August 13, 2015. On August 21, 2015, the Court denied movant's motion, and dismissed his case with prejudice. The instant motion is therefore successive. In order for movant to proceed, he must first receive authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(3)(A). That is, it is up to the Court of Appeals to determine whether movant has made a prima facie case that the motion contains either newly discovered evidence, or a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2255(h). Movant has not sought and received the required authorization. Absent certification, the Court lacks authority under § 2255 to grant movant's requested relief.

### B. Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant has brought a successive § 2255 motion without first receiving authorization from the United States Court of Appeals for the Eighth Circuit. Therefore, the instant action will be summarily dismissed as successive.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 18th day of February, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE